UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE ALISSA-JOY TACKITT,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT TACKITT and CEDRIC TACKITT,<br><br>Defendants. | No.  2:25-cv-3145 DC AC PS<br><br><br>ORDER TO SHOW CAUSE |

On October 30, 2025, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The undersigned has reviewed the complaint and believes that this court lacks subject matter jurisdiction to hear plaintiff's case, and that this case must be dismissed.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019).

The complaint asserts this court has federal question jurisdiction and cites as the basis for

jurisdiction "domestic violence." ECF No. 1 at 4. Plaintiff's entire statement of her claim reads "Monique Tackitt is being harassed and physically abused by her violent & mentally unstable family. Need protection and a move-out order." ECF No. 1 at 5. A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Though plaintiff invokes federal question jurisdiction, she does not identify any federal statute or constitutional provision as supporting a cause of action. "Domestic violence" and family relations are matters of state law. See In re Burrus, 136 U.S. 586, 593-594 (1890) (domestic and family relations are governed by state, not federal, law); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (same).

Plaintiff's allegations themselves do not support any basis for federal jurisdiction. Plaintiff and both defendants are residents of California. ECF No. 1 at 2. As noted, her allegations involve matters that are not governed by federal law. In sum, this is not the type of case that can be handled in federal court. Without a claim that a federal law or right has been violated, there is no jurisdiction. Domestic violence cases and orders of protection are matters for the state courts.

Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, within 14 days of this order, why this court has subject matter jurisdiction over this case. If plaintiff fails to timely respond, the court will recommend dismissal of this case without prejudice for lack of subject matter jurisdiction.

DATED: November 6, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE