UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE ALISSA-JOY TACKITT,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT TACKITT and CEDRIC TACKITT,<br><br>Defendants. | No. 2:25-cv-3145 DC AC PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

On October 30, 2025, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The undersigned reviewed the complaint and, believing that this court lacks subject matter jurisdiction to hear plaintiff's case, issued an Order to Show Cause requiring that plaintiff respond and demonstrate that federal jurisdiction exists. ECF No. 4. Plaintiff did not respond. Because it is clear from the complaint that federal jurisdiction does not exist, the undersigned recommends that this case be dismissed for lack of jurisdiction.

"Federal courts are courts of limited jurisdiction." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of

1  citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-
2  question jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v.
3  Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug.
4  5, 2019).  A case "arises under" federal law for jurisdictional purposes either where federal law
5  creates the cause of action or "where the vindication of a right under state law necessarily turn[s]
6  on some construction of federal law."  Republican Party of Guam v. Gutierrez, 277 F.3d 1086,
7  1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust,
8  463 U.S. 1, 8–9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed
9  by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a
10  federal question is presented on the face of the plaintiff's properly pleaded complaint."  Id. at
11  1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

12  　　　The complaint asserts federal question jurisdiction, alleging that the basis for such
13  jurisdiction is "domestic violence."  ECF No. 1 at 4.  Plaintiff's entire statement of her claim
14  reads "Monique Tackitt is being harassed and physically abused by her violent & mentally
15  unstable family.  Need protection and a move-out order."  ECF No. 1 at 5.  A case "arises under"
16  federal law either where federal law creates the cause of action or "where the vindication of a
17  right under state law necessarily turn[s] on some construction of federal law."  Republican Party
18  of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v.
19  Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).  "[T]he presence or absence of
20  federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides
21  that federal jurisdiction exists only when a federal question is presented on the face of the
22  plaintiff's properly pleaded complaint."  Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S.
23  470, 475 (1998)).  The complaint specifies no cause of action that is based on a federal statute or
24  federal right.

25  　　　Plaintiff's allegations do not support any basis for federal jurisdiction.  Plaintiff and both
26  defendants are residents of California.  ECF No. 1 at 2.  As noted, her allegations involve matters
27  that are not governed by federal law.  "Domestic violence" and family relations are matters of
28  state law.  See In re Burrus, 136 U.S. 586, 593-594 (1890) (domestic and family relations are

governed by state, not federal, law); Peterson v. Babbitt, 708 F.2d 465, 466 (9th Cir. 1983) (same).  In sum, this is not the type of case that can be handled in federal court.  Without a claim that a federal law or right has been violated, there is no jurisdiction.  Domestic violence cases and orders of protection are matters for the state courts.  Plaintiff was given an opportunity to identify a basis for federal jurisdiction, and she has not done so.

Plaintiff has failed to demonstrate any basis for this court's jurisdiction, and the undersigned finds none.  Thus, it is RECOMMENDED that this case be dismissed without prejudice for lack of subject matter jurisdiction, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 9, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE